IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD JAMES NICHOLAS, | : | No. 08-cv-2311 |
| Plaintiff, | : | |
| v. | : | |
| | : | Judge John E. Jones III |
| HARRISBURG POLICE BUREAU, | : | |
| DONALD E. HEFFNER, | : | |
| THE INTERNAL REVENUE | : | |
| SERVICE, and an UNNAMED | : | (Magistrate Judge Smyser) |
| INSURANCE COMPANY, | : | |
| Defendants. | : | |

## MEMORANDUM

May 14, 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smsyer (Rec. Doc. 12) which recommends that the instant action be dismissed. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by March 16, 2009. To this date, none have been filed.

1

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Plaintiff Edward James Nicholas ("Plaintiff" or "Nicholas"), a Pennsylvania state prisoner proceeding *pro se*, initiated the instant action on December 15, 2008 in the Eastern District of California. (Rec. Doc. 1). On that same day, Nicholas filed a Motion to proceed *in forma pauperis*. (Rec. Doc. 2). On December 23,

case was transferred to the Middle District of Pennsylvania. (Rec. Doc. 4). On January 22, 2009, Magistrate Judge Smyser denied Plaintiff's motion to proceed *in forma pauperis* and ordered him to pay the full $350.000 filing fee on or before February 23, 2009. (Rec. Doc. 9). The Order cautioned Plaintiff that his failure to comply with the dictates therein would result in his dismissal. On February 11, 2009, Plaintiff filed a document entitled "Request for Abeyance" in which he claimed that he did not have the funds to pay the filing fee. The Magistrate Judge denied that request. Plaintiff's subsequent failure to remit the filing fee induced Magistrate Judge Smyser, through a well-reasoned R&R dated February 27, 2009, to recommend that we dismiss the instant action.[2]

As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its

---

[2] Although the R&R does not explicitly state as much, we assume that Magistrate Judge Smyser's recommendation of dismissal is predicated upon Federal Rule of Civil Procedure 41, which authorizes dismissal for failure to comply with a court order. This inference is based upon the fact that Nicholas failed to comply with the Magistrate Judge's order directing him to pay the filing fee on or before February 23, 2009. Since we take Plaintiff's conduct as a willful abandonment of his claims, we need not address the factors enunciated in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) prior to dismissing the action. See Dover v. Diguglielmo, 181 Fed. Appx. 234, 237 (3d Cir. 2006) ("[A] Poulis analysis is unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal."). Our determination that Plaintiff has abandoned the case, and that a Poulis analysis is unnecessary, is buttressed by the fact that he has not filed anything on the docket since February 11, 2009.

entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>. An appropriate Order will enter.